KLIEBERT, Judge.
This is an appeal by Sollon Scott, plaintiff-worker, from a judgment refusing to accelerate, under the provisions of LSA-R.S. 23:1333, weekly workman’s compensation benefit payments due Scott by the defendant workman’s compensation carrier Fireman’s Fund Insurance Company, under a March 5, 1981 judgment of total and permanent disability. For the reasons which follow, the judgment of the district court is affirmed.
Plaintiff received the weekly compensation benefit payments under the March 5, 1981 judgment on a regular basis to March 28, 1985. On March 28,1985 the defendant received a medical report from Dr. Frensilli (defendant had requested the examination by the doctor) which indicated plaintiff was capable of returning to work. Based on this report, defendant terminated payments.
On April 22, 1985, plaintiffs counsel informed defendant’s counsel by telephone the plaintiff was seeking reinstatement of benefits. Additionally, in a letter dated April 24, 1985 plaintiff’s counsel informed the defendant that plaintiff had attempted to return to work but was informed by his employer his job had been terminated. Accordingly, he requested reinstatement of compensation payments.
Some forty days after the payments had been terminated, i.e., on May 7, 1985, plaintiff filed a rule to have future workman’s compensation payments accelerated under the provisions of LSA-R.S. 23:1333. A hearing on the rule was held on July 15, 1985. At this hearing, it was stipulated that the weekly compensation payments were reinstated on May 22, 1985. Thus, the time elapsed between termination and reinstatement of payments was 55 days.
Mr. James Kenny, an adjuster for the defendant, who was handling plaintiff's file at the time the payments were terminated, was called to testify. He confirmed receipt of counsel for plaintiff’s letter of April 24, 1985 and said his termination of payments was based on the written report of plaintiff’s treating physician, Dr. Joseph Fren-silli. Mr. Kenny admitted he did not check to see if work was available from plaintiff’s former employer prior to terminating bene *687 fits. Further, when asked why he reinstated benefits, he testified — “Well you [meaning the defendant’s counsel] notified me about the rule. I reinstated benefits because then I realized there was a judgment [the March 8, 1981 judgment declaring plaintiff totally disabled] in the case.” Thus, according to Kenny, he “inherited” the plaintiff’s file from another adjuster and was unaware of the judgment because it was in one of the earlier files maintained in the plaintiff’s case.
Plaintiff testified that he had no income or other benefits (welfare, food stamps, etc.) during the time weekly benefit payments were terminated. He also testified that he was told by his employer subsequent to his discharge by the treating physician that his former position was no longer available.
On September 12, 1985 the trial judge rendered judgment and gave extensive and well written reasons for the judgment. He concluded that the termination of benefits was based on administrative error which was corrected when it was called to the attention of the compensation carrier. He further concluded LSA-R.S. 23:1333 is a penal statute which must be strictly construed. Since there was no showing of a “willful refusal” to pay benefits, citing Johnson v. Continental Insurance Companies, 410 So.2d 1058 (La.1982), the trial judge refused to accelerate the benefit payments.
We find the trial judge’s reasons to be well founded and a correct interpretation of LSA-R.S. 23:1333. In Johnson the supreme court held that failure to pay six installments due to an administrative error was not “willfully” refusing to pay within the meaning of R.S. 23:1333. There is ample evidence in the record to support the conclusion there was no willful refusal to pay the compensation benefits.
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.