556 So.2d 903 (1990)
Lula SLATE, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY and Humana Hospital of Oakdale, Defendants-Appellants.
No. 88-1097.
Court of Appeals of Louisiana, Third Circuit.
February 7, 1990.
*904 John G. Fontenot, Eunice, for plaintiff-appellee.
Dauzat, Falgoust, Steven Bienvenu, Opelousas, for defendants-appellants.
Before DOMENGEAUX, C.J., and FORET and LABORDE, JJ.
DOMENGEAUX, Chief Judge.
Travelers Insurance Company and Humana Hospital of Oakdale appealed the trial court's reinstatement of temporary total disability benefits in favor of plaintiff, Mrs. Lula Slate. Plaintiff answered the appeal, seeking reversal of the trial judge's denial of penalties and attorney's fees for the arbitrary and capricious termination of benefits. We affirm in part and reverse in part, as follows:

WEEKLY DISABILITY BENEFITS
On July 26, 1984, Mrs. Lula Slate, a 38-year old nurse's aide, injured her lower back as she was turning over an obese, bedridden patient. She reported the accident immediately, but was able to complete that day's work. With the help of muscle relaxers, she continued working for the next few days. However, one morning her pain became so severe that she was admitted to Humana Hospital as a patient.
Dr. John Raggio, a neurosurgeon, first examined plaintiff on September 14, 1984, almost two months after the accident. Plaintiff was complaining of pain in the midline sacral area, radiating through both legs, with weakness in both knees. Although plaintiff exhibited limited flexion and extension, Dr. Raggio detected no objective signs of injury such as muscle spasm.
Dr. Raggio testified that an earlier CT scan suggested the possibility of a midline bulging disc at L5-S1. He therefore ordered further diagnostic testing, including another CT scan and a myelogram. These results were all within normal limits. He concluded that plaintiff suffered from recurrent low back pain, of uncertain etiology, but which was not the result of a neurological dysfunction or a nerve root compression. In his final report dated December of 1984, he stated that plaintiff was *905 not suitable for work involving prolonged bending or lifting.
From August of 1985 through October of 1986, plaintiff was treated by Dr. Lynn Foret, an orthopaedic surgeon. Believing plaintiff sustained a myofascial strain, Dr. Foret prescribed conservative treatment with physical therapy. In his final report of November 11, 1986, Dr. Foret released plaintiff to light duty status, with lifting restrictions of no more than twenty-five to thirty pounds. In his deposition, Dr. Foret stated plaintiff's condition should have been resolved by January of 1987.
Plaintiff was also seen by Dr. Norman Ansemen, a physical medicine and rehabilitation specialist, who considered plaintiff to have an unresolved ligament strain, with residual pain. In the three visits to his office in the summer of 1986, Dr. Ansemen did not observe any muscle atrophy or muscle spasm. After his final examination on August 27, 1986, he was of the opinion plaintiff would be ready for full duty within four to five weeks.
Based upon the report of Dr. Foret, Travelers terminated plaintiff's weekly disability benefits as of January 2, 1987. From July 1984 through January 1987, Travelers had paid plaintiff $17,679.72 in weekly benefits and $38,402.04 in medical expenses.
On June 8, 1987, plaintiff was examined by another orthopaedic surgeon, Dr. Salvadore H. LaRocca. At his initial examination, Dr. LaRocca observed mild paraspinous muscle spasm and weakness of the left anterior tibial muscle, which indicated to Dr. LaRocca a fifth lumbar nerve root irritation. He then performed a soma sensory evoked potential exam (SEP), a recent technological development which measures the time an electrical impulse takes to travel to the brain along a nerve, as well as the amplitude, or volume, of the stimulus received by the brain. This test revealed an abnormal function in delay and reduced amplitude of the fifth lumbar nerve. According to Dr. LaRocca, these results were consistent with plaintiff's complaints and confirmed his suspicion of some nerve irritation, although he had no anatomical evidence as to its etiology. In his opinion, plaintiff was disabled from returning to her prior occupation, and her condition warranted further diagnostic testing. In December of 1987, plaintiff was again examined by Dr. Raggio. Although his initial diagnosis remained unchanged, he observed that plaintiff's reflexes were markedly diminished, particularly in the lower left leg.
Based upon the above evidence, as well as testimony regarding plaintiff's exemplary sixteen-year work record at Humana Hospital, the trial judge determined plaintiff was entitled to temporary total disability benefits. After a careful review of the record, we are unable to conclude this decision is manifestly erroneous.
Although plaintiff's complaints of pain may have initially been unsubstantiated, she later produced objective evidence of injury consistent with her complaints. From the record, it is clear plaintiff is presently disabled, although her condition requires further diagnostic testing. Accordingly, we affirm the trial court's reinstatement of temporary total disability benefits.

PENALTIES AND ATTORNEY'S FEES
Plaintiff answered this appeal, contending the trial judge erred in failing to award statutory penalties and attorney's fees pursuant to La.R.S. 23:1201(E) and 1201.2. La.R.S. 23:1201(E) authorizes the imposition of a twelve percent penalty on any untimely payment of benefits, unless the employer or insurer reasonably controverts the employee's right to such benefits. Under La.R.S. 23:1201.2, attorney's fees are authorized if the failure to pay benefits is found to be arbitrary, capricious or without probable cause.
After reviewing the record, we find Travelers did have enough evidence to reasonably controvert Mrs. Slate's right to compensation on January 2, 1987, when it terminated her benefits. As of that date, all medical information in Travelers' possession indicated plaintiff sustained only a back strain in the lumbar region. She had *906 been through extensive physical therapy, and two treating physicians, Dr. Foret and Dr. Ansemen, believed plaintiff would be ready for full duty by that date.
The situation changed, however, with the receipt of Dr. LaRocca's report. Travelers now had in its possession objective evidence corroborating plaintiff's earlier complaints. At the very least, the receipt of this report in July of 1987 should have triggered further investigation of this claim. Yet, Travelers took no action until December of that year, when it again referred Mrs. Slate to Dr. Raggio for a follow-up exam. We would note here that Dr. Raggio observed a diminished reflex capacity, a finding consistent with Dr. LaRocca's report.
If, subsequent to an initial optimistic report, an insurer receives medical information indisputedly showing disability at a particular date, the insurer may not blindly rely upon the earlier report and solely on its basis avoid penalties for arbitrary nonpayment of compensation benefits. See Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976) and its progeny. Although Travelers initially reasonably controverted plaintiff's entitlement to compensation, this action should not protect it against future penalties pursuant to La.R.S. 23:1201(E) in light of the latter developments in this case. See Malone and Johnson, Worker's Compensation, § 389, at 107.
Accordingly, we find Travelers liable for a twelve percent penalty on those disability benefits due and medical expenses incurred sixty days after the receipt of Dr. LaRocca's report until reinstatement, and for reasonable attorney's fees in the amount of $4,000.00.
For the first time in her appellate brief, plaintiff seeks the $250.00 civil penalty, plus attorney's fees, under La.R.S. 23:1125 for failure to provide requested medical reports within thirty days of written demand. This claim was not prayed for in any pleadings before the trial court, and it was not mentioned in the trial judge's ruling. We therefore deny the claim.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed insofar as it orders payment of weekly compensation benefits, plus arrearages, and medical expenses in favor of plaintiff, Mrs. Lula Slate. That part of the judgment denying penalties and attorney's fees is reversed, and defendants are ordered to pay a twelve percent penalty on those benefits and medical expenses due sixty days from the receipt of Dr. LaRocca's report until reinstatement, plus attorney's fees of $4,000.00.
Costs of this appeal are assessed against appellants, Travelers Insurance Company and Humana Hospital of Oakdale.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.