629 So.2d 431 (1993)
HUVAL BAKING COMPANY, INC., Plaintiff-Appellee,
v.
Gary Chris FONTENOT, Defendant-Appellant.
No. 93-350.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*432 Charles J. Foret, Lafayette, for Huval Baking Co.
Louis D. Bufkin, Lake Charles, for Gary Chris Fontenot.
*433 Before LABORDE, COOKS and DECUIR, JJ.
LABORDE, Judge.
In this workers compensation proceeding defendant, an injured worker and recipient of Social Security disability benefits, appeals modification of his workers compensation status from temporary total to permanent total disability at the urging of plaintiff, his employer, in an effort to receive a set-off for the workers compensation benefits it pays its former employee. We reverse, finding employee Fontenot remains entitled to temporary total disability.
In October 1991, employer Huval filed a Form LDOL-WC-1008 seeking to modify an award of temporary total benefits previously awarded Fontenot for injuries from a 1985 work-related accident. Fontenot v. Huval Baking Company, 562 So.2d 483 (La.App. 3d Cir.), writs denied, 567 So.2d 102 (La.1990). After learning that Fontenot was receiving Social Security disability benefits, Huval supplemented its request seeking an offset pursuant to LSA-R.S. 23:1225.[1] Such an offset required Fontenot being adjudged permanently totally disabled.
At the hearing on the merits, the parties by stipulation introduced into evidence the medical reports of treating physician Clark Gunderson, documentation from the Social Security Administration establishing Fontenot's Social Security disability status, and Fontenot's deposition. The hearing officer ultimately held that Fontenot's condition had worsened, notwithstanding Fontenot's and his treating physician's uncontradicted testimony in opposition to that conclusion, and found employee Fontenot to be totally and permanently disabled due to: Fontenot's previously having several operations related to the accident-induced injury, and possibly needing another; treating physician Gunderson's assignment of 40% impairment of Fontenot's body as a whole; and Fontenot's presenting no evidence of any transferable skills.[2]
On appeal, Gary Fontenot assigns three errors:
The OWC hearing officer erred in modifying a workers' compensation judgment absent any allegation or proof that the injured worker's condition had changed since the trial that resulted in the original judgment.
The OWC hearing officer erred in ruling, contrary to the law and the evidence, that the worker was totally and permanently disabled.
The OWC hearing officer erred in holding that the employer was entitled to reduce the worker's benefits when to do so was not supported by the evidence and was contrary to controlling law.[3]
*434 Fontenot's first assigned error, that no change in condition was alleged or shown, is without merit. Huval alleges that Fontenot had additional treatments and had begun receiving Social Security, rendering incorrect the factual basis of Fontenot's first assigned error. More importantly, the 1983 amendments to Section 1331 of the Worker's Compensation Act deleted the requirement that a party seeking review allege diminution or increase in incapacity, or that the earlier judgment was obtained through error, fraud, or misrepresentation. Disotell v. Wadsworth Golf Const. Co., 500 So.2d 371, 373 (La.1987). See also Turner v. Maryland Cas. Co., 518 So.2d 1011, 1015-1016 (La.1988).
Nonetheless, we reverse on the basis of the second error assigned by Fontenot and the third which flows from it. Fontenot has not been shown to be permanently disabled, and his employer is not entitled to an offset until such a showing can be made. The evidence presented was insufficient to show that claimant's workers compensation benefits should be changed from temporary total to permanent total disability. Consequently, Huval is unable to reduce its payments to Fontenot.
As stated above, the employer seeks an offset against claimant's Social Security disability benefits, and such a reduction is only available in instances involving injured workers who are permanently, not temporarily, totally disabled. LSA-R.S. 23:1225 A. The hearing officer, faced with an offset provision that is difficult to apply in the face of an employer seeking to modify a judgment to grant its injured worker permanent total benefits, concluded that a finding of permanent total disability was necessitated by the type of Fontenot's injuries and the prescribed treatment.
Whether a claimant is entitled to permanent total or temporary total disability is a question of fact that must be determined according to the circumstances of each individual case. Huval's position, adopted by the hearing officer, that Fontenot's surgeries and one-time 40% disability ipso facto rendered Fontenot permanently totally disabled, is supported by no competent evidence whatsoever. In modifying Mr. Fontenot's workers compensation benefits pursuant to LSA-R.S. 23:1331, the hearing officer chose to ignore Fontenot's uncontradicted testimony that he hoped to one day return to work; implicit in these words were his belief that he one day might be able to do so. Similarly, the hearing officer made no mention of Dr. Gunderson's opinion that with proper treatment, Fontenot possibly (although not certainly) will be sufficiently relieved of pain to be able to return to work.[4] Dr. Gunderson's testimony that Fontenot's continued treatment stands some chance of one day resulting in his return to work was sufficient to render clearly wrong the hearing officer's conclusion, which was based on Dr. Gunderson's since rectified original impression that Fontenot was totally and permanently disabled. An employer may not selectively embrace medical reports which favor its position when subsequent medical information undisputedly refutes them. Slate v. Travelers Ins. Co., 556 So.2d 903, 906 (La.App. 3d Cir.1990).
Although the manifest error standard of appellate review applies even to findings of fact gleaned from evidence consisting solely of written reports, records, and depositions where a "reasonable evaluation of credibility" furnishes an adequate basis for the finding, Virgil v. American Guar. & Liability Ins., 507 So.2d 825, 826 (La.1987), quoting and relying on Canter v. Koehring Co., 283 So.2d 716 (La.1973), in this case, there exists no evidence which could justify the hearing officer's *435 decision. The only evidence presented on the question of whether Fontenot could one day return to work indicated there existed some possibility of medical relief and some remaining possibility that Fontenot could return to work one day.
By ignoring the testimony of Fontenot and the admitted medical reports of Dr. Gunderson, the hearing officer failed to accept as true the uncontradicted testimony of witnesses. Such oversights constitute legal error in the absence of circumstances in the record casting suspicion on the reliability of the testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979). The employer here, empowered to cast such suspicions through investigation and discovery, failed to do so. Accordingly, the uncontradicted testimony of Fontenot and Dr. Gunderson should have been accepted as true.
Thus, we return to our point of origin. While the evidence establishes that Fontenot is disabled, neither party has showed him to be permanently and totally disabled, Brewster v. Manville Forest Products Corp., 469 So.2d 340, 345 (La.App. 2d Cir.1985), not even by a preponderance of the evidence. His disability, although total, is not proven to be permanent. Price v. Fireman's Fund Ins. Co., 502 So.2d 1078, 1080 (La.1987).
In order to reduce Fontenot's workers compensation benefits under the set-off provision of LSA-R.S. 23:1225(A), the injured worker had to be shown to be permanently, not temporarily, totally disabled. In light of our reversal of the hearing officer's conclusion that the disabled worker was permanently disabled, we likewise must reverse his conclusion that an offset was available to it.
Accordingly, we reverse and render, without prejudicing the rights of either party to modify the claimant's benefit status in the future.[5]

DECREE
The conclusion reached by the hearing officer is reversed, and employee Fontenot remains entitled to temporary total disability. Plaintiff-employer to pay all costs.
REVERSED AND RENDERED.
NOTES
[1] Initially, Huval alleged Fontenot's condition had improved since the signing of judgment, entitling it to modification of the award. In response, Fontenot filed an exception of res judicata, citing LeBlanc v. Consolidated Aluminum Co., 433 So.2d 361 (La.App. 3d Cir. 1983) and Zachary v. Bituminous Casualty Corp., 371 So.2d 1249 (La.App. 3d Cir.1979). The exception was argued through briefs submitted to the Office of Workers Compensation. Citing LeBlanc, the hearing officer opined that LSA-R.S. 23:1331 was not designed to enable parties to relitigate all issues of causation, only those arising from fraud or misrepresentation. The court stayed its ruling on the exception to permit employer Huval to allege specific acts of fraud or misrepresentation provided Huval support the allegations with new evidence not previously considered. See Bordelon v. Vulcan Materials Co., 472 So.2d 5 (La.1985). No such allegation or support were provided, and the only question before us is whether plaintiff has been shown to be permanently totally disabled as a result of his persisting injuries and intervening surgeries.
[2] Citing LSA-R.S. 23:1226(D), the hearing officer also determined on the same grounds that the employee was not a suitable rehabilitation candidate.
[3] A more interesting question, one more appropriately addressed to the Supreme Court of this state, is whether an employee is able to contest an employer's admission that a worker is entitled to permanent total disability in the absence of some stipulation or agreement to this effect by the employee. The workers compensation laws of this state are not explicit in this regard. Finding no authority to suggest differently, we answer the question affirmatively. See generally, Breaux v. Travelers Ins. Co., 526 So.2d 284, 290 (La.App. 3d Cir.1988) ("It is well settled that the worker's compensation act is remedial in nature and that, in order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee.") (cites omitted).

Our conclusion obviously would differ had both parties agreed to the nature of the disability. LSA-R.S. 23:1271 et seq.
[4] By letter of September 4, 1992, Dr. Gunderson indicated to counsel for Huval's counsel that Fontenot was "totally and permanently disabled from any gainful employment," but that Fontenot would be referred to Dr. Shamieh to see if anything could be done to relieve Fontenot of some of the pain that had produced Fontenot's impairment. Dr. Clark Gunderson recanted his initial statement that Mr. Fontenot was "permanently and totally disabled" upon learning that the medical definition he used for "permanent total disability" did not coincide with the legal definition of permanent total disability insofar as the legal definition of permanent total requires that a claimant be unable to engage in any type of employment, LSA-R.S. 23:1221(2)(c), and that the disabling injury be permanent and not just for an indefinite period. Brown v. Knost Roofing Corp., 566 So.2d 1024 (La.App. 3d Cir.1990).
[5] In light of our finding that plaintiff employer has not shown even by the barest preponderance that Fontenot is totally permanently disabled, we need not address the lingering question of what burden of proof would have been necessary for the employer to make such a showing.