670 So.2d 250 (1996)
Randy EGLIN, Plaintiff-Appellee,
v.
UNITED GAS PIPELINE, Defendant-Appellant.
No. 95-721.
Court of Appeal of Louisiana, Third Circuit.
January 24, 1996.
Rehearing Denied April 17, 1996.
*252 Thomas Allen Filo, Lake Charles, for Randy Eglin.
Michael Jesse McNulty, III, Lake Charles, Christopher Paul Ieyoub, Lake Charles for United Gas Pipeline.
Before YELVERTON, SULLIVAN and KNIGHT[*], JJ.
KNIGHT, Judge Pro Tempore.
United Gas Pipeline (United) appeals two judgments of the worker's compensation hearing officer. The first judgment was on a rule to show cause and the second was on a motion for nullity. Randy Eglin (Eglin) answers the appeal. We affirm both judgments as amended, except as to the award of attorney's fees and remand the case for a limited evidentiary hearing.

FACTS
Eglin, an eighteen year employee of United, injured his back while shoveling shells at work on October 24, 1991. The worker's compensation hearing officer found Eglin to be temporarily and totally disabled and in need of further testing for a suspected herniated disk. The hearing officer also found United to be responsible for penalties and attorney's fees. The judgment of the hearing officer was affirmed by this court in Eglin v. United Gas Pipeline, 93-11792 (La. App. 3 Cir. 4/6/94), 635 So.2d 599. This judgment became final on June 20, 1994. However, Eglin received nothing from United until August 8, 1994.
On August 4, 1994, Eglin filed two rules, one to show cause why the temporary total disability (TTD) benefits should not be accelerated for failure to pay six consecutive installments and the other to show cause why United should not be assessed a 24% penalty for failure to pay the judgment timely. The next day the latter rule was amended to request reasonable attorney's fees.
The checks received by Eglin on August 8, 1994, were dated August 3, 1994, except for the one paying attorney's fees which was issued on July 29, 1994. The check which included weekly benefits was issued on August 3, 1994.
After a hearing on the rules, judgment was rendered on December 19, 1994, in favor of Eglin for 24% penalties of all amounts due under the previous judgment, awarding *253 $4,500.00 in attorney's fees, and accelerating Eglin's weekly benefits. Based on this judgment, United filed motions for new trial, remittitur and nullity of judgment on January 5, 1995. All three motions were denied. The motion for nullity was denied on February 22, 1995. United appeals both the December 19, 1994, and the February 22, 1995 judgments alleging the following assignments of error:
1. The hearing officer incorrectly applied Louisiana Revised Statute 23:1333 and jurisprudential interpretation thereof in ordering that Eglin was entitled to acceleration of workers' compensation benefits.
2. The hearing officer improperly assessed 24% penalty on the original judgment pursuant to LSA-R.S. 23:1201(f) and in awarding attorney's fees under LSA-R.S. 23:1201.2.
3. The hearing officer erred in failing to nullify her judgment of December 19, 1994 under L.C.C.P. Art. 2002(2)(3).
4. The hearing officer erred in not allowing United Gas Pipeline to file a motion for new trial.
Eglin answers the appeal and requests an increase in attorney's fees on appeal, clarification of the acceleration period, a sum certain for the accelerated benefits, clarification of the 24% penalty and inclusion of legal interest on all amounts due as of the date of judgment.

NULLITY HEARING
By United's third assignment of error, it contends that the hearing officer erred in failing to declare the December 19, 1995 judgment null due to the failure to serve the appropriate party and due to the hearing officer's lack of subject matter jurisdiction. These issues are addressed first since a null judgment due to lack of subject matter jurisdiction or failure to serve would render the other assignments moot.
United contends that the hearing officer rendered judgment against a party who was not named as a defendant in rule, which made the judgment an absolute nullity. La. Code Civ.P. art. 2002 provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken. The pivotal inquiry is whether United had been served with process or made a general appearance.
The captions of the rules to show cause and the amended rule to show cause both read, "RANDY EGLIN VERSUS KOCH GATEWAY PIPELINE, INC. (Formerly United Gas Pipeline, Inc.)." The service instructions on both orders accompanying the rules request that "KOCH GATEWAY PIPELINE, INC. (formerly United Gas Pipeline, Inc.), through its attorney of record, Christopher Ieyoub, P.O. Drawer 1705 Lake Charles, LA 70602," be served. In response, Ieyoub filed a memorandum in opposition to the rules to show cause on behalf of Plauche, Smith & Nieset as "Attorneys for UNITED GAS PIPELINE." This memorandum had attached to it exhibits "A" through "O." At the hearing on the rules to show cause on October 19, 1994, Rebecca Young of Plauche, Smith & Nieset, appeared and introduced herself on the record as, "Rebecca Young, here on behalf of defendant, Koch Gateway Pipeline, formerly United Gas Pipeline." No exceptions were filed by Young. Instead, Young agreed to enter joint exhibits into the record, copies of which were supplied by her. These exhibits included the ones attached to Ieyoub's memorandum in opposition. Young also joined in submitting stipulations of fact and agreed to submission of the matter on the memoranda filed. The only memorandum filed opposing the rule was that of Ieyoub on behalf of United.
La.Code Civ.P. art. 7 provides in part that:
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;

*254 (4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
United had actual notice and made a general appearance when Young appeared at the October 19, 1994 hearing, introducing herself as counsel for Koch Gateway Pipeline, Inc., formerly United Gas Pipeline, Inc., and sought relief other than that listed in La. Code Civ.P. art. 7. Therefore, we find the hearing officer did not err in failing to annul the December 19, 1994 judgment due to failure to properly serve United.
United also contends the hearing officer did not have subject matter jurisdiction over the issue of acceleration in this case, since a worker's compensation hearing officer cannot enforce judgments of other courts or its own judgments. La.Code Civ.P. art. 2002 also provides that a final judgment is absolutely null if it is rendered by a court which does not have subject matter jurisdiction.
Hearing officers are vested with original exclusive jurisdiction over all claims or disputes arising out of work related accidents. La.R.S. 23:1310.3(E). In Sampson v. Wendy's Management, Inc., 593 So.2d 336, 339 (La.1992), the court explained that "[t]he claims for which hearing officers are given original, exclusive jurisdiction under LSA-R.S. 23:1310.3 are claims for any compensation or benefits. The Worker's Compensation Act only provides for the administrative agency determination of benefits and penalties directly associated with the employee's work-related injury and his receipt of worker's compensation benefits. See LSA-R.S. 23:1291 et seq."
The penalty of acceleration is provided for in La.R.S. 23:1333 which states that:
If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the award shall immediately become due and exigible and the award shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.
The acceleration of future benefits, though based on a prior judgment is not the enforcement of a prior judgment. Rather, it is a judgment declaring that the factual situation for acceleration has been satisfied and assessing the penalty for failure to pay timely. Should this judgment be ignored by United, then Eglin would have to seek enforcement of the judgment with the appropriate district court. Therefore, we find that the hearing officer did not err in failing to annul the December 19, 1994 judgment due to her lack of subject matter jurisdiction.

ACCELERATION OF BENEFITS
United contends that the hearing officer incorrectly applied La.R.S. 23:1333 and the jurisprudential interpretation thereof, in accelerating Eglin's worker's compensation benefits. More specifically, United contends that it did not "fail to pay" six successive installments to Eglin as they became due, nor did it "willfully refuse" to pay the installments and that La.R.S. 23:1333 is inapplicable where there are no installments payable under the award.
Four statutory elements must be satisfied prior to accelerating a prior award of weekly benefits. They include, (1) an "award awarding compensation" against the employer, (2) "insolven[cy] or fail[ure] to pay six successive installments as they become due" by employer (3) existence of "installments not yet payable under the award," and (4) the employee is not "adequately protected by insurance and receiv[ing] payments thereunder." Duncan v. State, DOTD, 615 So.2d 305 (La.1993). Jurisprudence has added another requirement, that the failure to pay be a "willful refusal." Id.
The first element was fulfilled when the judgment awarding Eglin weekly TTD benefits "for the duration of claimant's disability," became final on June 20, 1994. The judgment clearly stated that Eglin was entitled to weekly benefits of $295.00.
*255 United claims that the second element has not been fulfilled because Eglin agreed to a judgment payout which included weekly benefits through the payout date. United contends that this agreement suspended the weekly installments while calculations of the judgment amount were being performed. Both parties refer to a fax of July 6, 1994, in which Eglin's counsel accepted the calculation of the amount due on the judgment to that date. United claims that Eglin agreed to not seek acceleration by this acceptance of calculations. The fax was not entered into evidence at the hearing and does not appear in the record. On June 21, 1994, the day after the judgment became final, Eglin requested payment of it within the week. Nothing in the record indicates that Eglin agreed to suspend weekly payments pending payment of the judgment. Absent manifest error, a court of appeal may not set aside a trial court's finding of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find that the hearing officer's ruling that the acceptance did not amount to a waiver of the right to seek acceleration of weekly benefits was not manifestly erroneous.
The third statutory element requires the existence of installments not yet due under the award. United contends that Eglin had already received the maximum number of payments under the award because Eglin failed to file for an extension of TTD benefits pursuant to La.R.S. 23:1221(1)(d). The court in Duncan, 615 So.2d at 309, explained that "[t]his element simply requires that the plaintiff have a potential entitlement to future payments under the award at the time the motion for acceleration is filed." This court in the instant case on prior appeal held that where weekly benefits had not yet begun, Eglin was not required to apply for an extension. Eglin, 635 So.2d 599. At the time Eglin filed his rule for acceleration, he had not begun to receive his weekly benefits. We therefore conclude that the hearing officer did not err in finding that there remained installments not yet due under the award.
The fourth statutory element requires that the employee is not protected by insurance and receiving payments thereunder. As stated earlier, Eglin received no payments until after filing the rule for acceleration, thus, this element is satisfied.
United's final argument is that even if it failed to pay six successive payments it did not "willfully refuse" to do so. A finding of a "willful refusal" is one of fact to be reviewed under the Stobart appellate review standard of "manifest error." In Duncan, 615 So.2d 305, 309, the Court reiterated its stance in Lytell v. Strickland Transp. Co. Inc., 373 So.2d 138 (La.1979), that La.R.S. 23:1333 "provides a penalty against the recalcitrant employer for non-payment of the executory judgment against him awarding weekly compensation to an employeethe employer who, despite definitive judicial determination of his liability, nevertheless still fails to pay weekly compensation benefits due to the work-injured employee." The worker's compensation judgment of February 16, 1993, which became final on June 20, 1994, after affirmation on appeal and denial of a rehearing by this court, clearly states that:
Defendant, UNITED GAS PIPELINE, is ordered to institute claimant's weekly compensation benefits in the amount of $295.00 and continue to pay such benefits for the duration of claimant's disability.
This paragraph of the judgment clearly directs United to institute weekly payments. As previously discussed, the record does not establish that Eglin agreed to suspend payment of weekly installments, as claimed by United. The record does establish that Eglin made a request as early as June 21, 1994 for payment of the judgment which includes weekly payments. Even if, as United contends, Eglin agreed to have the weekly installments due included in the sum with the other amounts awarded in the judgment, there was no valid reason for failure to issue the check after Eglin approved United's figures on July 6, 1994. The record indicates that on July 5, 1994, counsel for United, although he did not mention the possibility of acceleration of benefits, informed United's account coordinator that 24% penalties could be levied if there was failure to pay timely. United failed to timely issue checks. The check for the judgment was not issued until August 3, 1994, six weeks and two days *256 after the judgment became final and nearly a month after the calculations were approved. Eglin did not receive the check until August 8, 1994, seven weeks after the judgment became final. We do not find that the change in adjuster a valid reason for the delay.
United notes that La.R.S. 23:1333 is penal in nature and must be construed strictly, citing Johnson v. Continental Insur. Companies, 410 So.2d 1058 (La.1982). United also cites several cases in which the court chose not to impose the penalty of acceleration.[1] However, in each of these cases there was a clerical error involved. No such error was involved here. The only explanation for the delay was a change in adjuster, which was irrelevant at that point, since the judgment amount had already been calculated and approved by the former adjuster of the claims coordinator used by United. For these reasons, we find that the hearing officer did not err in finding that United's failure to pay six successive weekly installments was "willful" and likewise did not err in accelerating Eglin's weekly benefits.
However, the hearing officer did not set out what period of temporary total benefits he was accelerating. In Duncan and Lytell, there was a specific maximum limit of weekly benefits. In Duncan, the claimant was receiving supplemental earnings benefits. The maximum number of weeks a claimant can receive supplemental earnings benefits is 520 weeks. La.R.S. 23:1221(3)(d)(i). In the Lytell opinion the kind of weekly benefits the claimant was receiving were not specified; but it does note that there was a remainder of 396 weeks future compensation awarded by the judgment which were being accelerated.
No statutory provision provides a set, maximum number of weeks for which TTD benefits can be collected. Rather, jurisprudence provides that TTD benefits are payable until the injured employee is released to return to work by his treating physician. See La.R.S. 23:1221(1)(a), and Tassin v. Cigna Ins. Co., 583 So.2d 1222 (La.App. 3 Cir.1991). Clearly, this does not provide an easily discernable period of benefits for purposes of acceleration pursuant to La.R.S. 23:1333.
As discussed earlier in this opinion, United's position is that no weekly benefits remain for Eglin to recover and we rejected this theory. However, relying on Duncan, Eglin contends that at the point in the hearing for acceleration where he established his claim for acceleration, the burden of proof shifted to United to prove that his weekly benefits would terminate at a future date earlier than the maximum recovery period. Further, Eglin also contends that in the absence of such a showing, United must pay an acceleration for the maximum number of weekly payments, which is equal to his work life, i.e., until he reaches sixty-five years of age.
We find neither of these alternatives to be the appropriate one. To award total temporary disability benefits to age sixty-five to Eglin would be the equivalent of converting his judgment to one of total permanent disability. We do not believe this to be an equitable solution, nor one intended by the legislature in providing for this penalty in a TTD benefits case. Therefore, we distinguish this case from that of Duncan and find that it must be remanded for an evidentiary hearing on the limited issue of the maximum number of weeks it will take for Eglin to be released by his treating physician to go back to work.

TWENTY-FOUR PERCENT PENALTY AND ATTORNEY'S FEES
United contends that the hearing officer erred in assessing a 24% penalty on the original judgment pursuant to La.R.S. 23:1201(F) and in awarding attorney's fees under La.R.S. 23:1201.2.
La.R.S. 23:1201(F) provides that:

*257 If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this subsection shall be included in any formula utilized to establish premium rates for worker's compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
The judgment of the hearing officer became final on June 20, 1994. The amount of the calculations was approved by Eglin on July 6, 1994. The thirty day grace period ended on Wednesday, July 20, 1994. No valid reason was given for the failure to issue the checks timely. Neither is it relevant that United turned the payment over to a claims coordinator. There was no controversy as to the amount owed and United had a duty to see that the claims manager it hired sent the check out in time. Therefore, we find no manifest error in the hearing officer's assessment of the 24% penalty.
In Vincent v. Browning-Ferris, Inc., 615 So.2d 47, 50 (La.App. 3 Cir.1993), this court explained the award of attorney's fees in worker's compensation cases as follows:
La.R.S. 23:1201.2 authorizes an award of attorney's fees when the employer's failure to pay a claim within 60 days of written notice is found to be arbitrary, capricious, or without probable cause. On appellate review, a trial court's award of statutory penalties will not be reversed unless that determination is manifestly erroneous. Fontenot v. T.L. James & Co., Inc., 563 So.2d 909 (La.App. 3d Cir.1990).
The first request for payment by Eglin for payment of the judgment was on June 21, 1994, the day after the judgment became final. Sixty days from that date fell on August 20, 1994. As noted earlier in this opinion, Eglin received payment on August 8, 1994, before the sixty day period of this statute expired. Therefore, the hearing officer erred in awarding attorney's fees.

NEW TRIAL
Finally, United contends that the hearing officer erred in not allowing it to file a motion for new trial. As an administrative body, the Department of Worker's Compensation has promulgated rules under which it operates. Under the section addressing hearing officers, Rule 2105 provides:
Any matter of practice or procedure not delineated herein and not in conflict with either the Workers' Compensation Act or these rules will be guided by practice and procedure followed in the district courts of this state as well as the practice and procedures provided for in the Louisiana Code of Civil Procedure.
In addition, Rule 2155 provides that:
No motion for new trial will be entertained.
Therefore, we find no error in the hearing officer's denial of United's motion for new trial, since the Worker's Compensation Hearing Officer Rules strictly prohibit it.

EGLIN'S ANSWER ON APPEAL
In his answer to this appeal, Eglin requests several modifications of the judgments rendered below. However, Eglin failed to brief any of the issues he raises in his answer. Consequently, those issues not already addressed in the assignments of error raised by United will not be addressed as they are deemed abandoned. See Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4.

DECREE
Except as to the issue of attorney's fees, we affirm the judgments of the hearing officer and remand the case for a hearing on the limited issue of the maximum weeks of TTD benefits recoverable. Costs on appeal are *258 assessed half to Randy Eglin, claimant, and half to United Gas Pipeline, defendant.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as Judge Pro Tempore by appointment of the Louisiana Supreme Court.
[1] United cited, Johnson, 410 So.2d 1058; Clary v. Nabors-Sun Drilling & Operating Co., Inc., 417 So.2d 119 (La.App. 3 Cir.) writ denied, 420 So.2d 457 (La.1982); Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3 Cir.1982); Thibodeaux v. Dresser Industries, Inc., 442 So.2d 1294 (La.App. 3 Cir.1983) writ denied, 446 So.2d 312 (La.1984); Scott v. Fireman's Fund Ins. Co., 487 So.2d 686 (La.App. 5 Cir.1986); Wilson v. Jacobs, 459 So.2d 64 (La.App. 2 Cir.) writ denied, 461 So.2d 318 (La.1984) and Gallow v. Lormand, 509 So.2d 655 (La.App. 3 Cir.1987).