718 So.2d 600 (1998)
Lloyd DAVILLIER
v.
TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA (TMSEL).
No. 97-CA-2848.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1998.
*601 David E. Kavanagh, Weeks, Kavanagh & Rendeiro, New Orleans, for Plaintiff-Appellant Lloyd Davillier.
Michael J. Monistere, Brook, Pizza & Van Loon, New Orleans, for Defendant-Appellee Transit Management of Southeast Louisiana, Inc.
Before KLEES, LOBRANO and LANDRIEU, JJ.
KLEES, Judge.
In this worker's compensation case, plaintiff, Lloyd Davillier, appeals from a ruling of the hearing officer denying his motion to accelerate an award of supplemental earnings benefits pursuant to LSA-R.S. 23:1333. We find manifest error in the hearing officer's determination that claimant was not entitled to an acceleration of benefits, and therefore reverse the judgment of the lower court and remand for further proceedings.

FACTS
Lloyd Davillier, a bus driver, was injured during the course and scope of his employment on May 4, 1994. He instituted a claim for worker's compensation benefits, and by judgment dated May 22, 1996, the worker's compensation court rendered an award of compensation in his favor and against Transit Management of Louisiana (hereinafter "TMSEL"). The award ordered TMSEL to pay weekly compensation benefits at the rate of $319.00 per week from May 4, 1994 through the date of the award and continuing afterward until further orders of the court.
On June 21, 1996, TMSEL filed a Motion for Suspensive Appeal from this judgment. On July 1, 1996, the court set an appeal bond and notice of bond was mailed to the parties. On the same date, TMSEL was notified of appeal costs, indicating that the costs must be paid within 20 days of the notice. On August 26, 1996, TMSEL's appeal was dismissed by the court for non-payment of appeal costs. Further, no bond was filed for this appeal, and on August 26, 1996, TMSEL filed a motion to dismiss its appeal, which was signed by the trial court on September 3, 1996.
Prior to the dismissal of the appeal, the parties attempted to settle Mr. Davillier's claim for future benefits to no avail. On August 30, 1996, TMSEL issued a check to the claimant for the amount of the judgment for past due indemnity, penalties, attorney's fees and interest through August 3, 1996. *602 The letter sent with the check indicated that weekly benefits would begin the week of September 6, 1996. On September 19, 1996, TMSEL drafted a check to claimant for the benefit week of September 8, 1996 through September 14, 1996. Claimant contends he received this check on September 25, 1996.
By letter dated November 6, 1996, claimant's attorney demanded payment from TMSEL for unpaid past due indemnity for the weeks of August 3, 1996 through September 6, 1996. Claimant's attorney subsequently amended this demand to include payments allegedly due through September 25, 1996. On January 24, 1997, TMSEL remitted a check in the amount of $1,595.00, which represented payment for the five-week period of August 3, 1996 through September 7, 1996. TMSEL represented at this time that claimant had been previously paid for the week of September 8-14, 1996 by the check which was dated September 19, 1996.
In March of 1997, TMSEL began making requests that claimant undergo functional capacity evaluation (FCE) and vocational rehabilitation to determine whether he was entitled to continued supplemental earnings benefits. Mr. Davillier failed to respond, and defendant eventually filed a motion to compel. However, this motion was not resolved prior to the hearing on claimant's motion to accelerate benefits.
On April 22, 1997, Lloyd Davillier filed a Motion to Accelerate Benefits on the basis that TMSEL had failed to timely make six successive payments of compensation from August 3 through September 25, 1996. The hearing officer heard arguments on this motion on June 18, 1997. On July 31, 1997, the hearing officer denied claimant's motion for acceleration of benefits and assigned lengthy reasons for judgment. The hearing officer found that defendant had failed to make six successive payments, specifically for the period of August 3, 1996 through September 14, 1996. Further, the hearing officer deemed defendant's actions in failing to make these payments timely to be a "willful refusal" to abide by the terms of the judgment. However, in its reasons for judgment, the hearing officer further stated as follows:
This OWC Court finds that the purpose of the Acceleration filing was an attempt to pre-empt defendant's attempt to do a FCE, Labor Market Survey and Vocational Rehabilitation of claimant. Furthermore, defendant has been timely paying the weekly indemnity benefits since the period beginning 11-2-96.
For these foregoing reasons, claimant's motion for acceleration is denied.
On appeal, appellant Lloyd Davillier contends that the grounds cited by the hearing officer for denying the motion to accelerate are erroneous. Appellant contends that the filing of the acceleration motion after defendant cured the nonpayment and after defendant attempted to pursue an evaluation of the claimant is not a basis for the denial of the motion for acceleration. Further appellant claims that all elements set forth in LSA-R.S. 23:1333 were met, and the hearing officer therefore erred in failing to grant his motion for acceleration. We agree.

THE LAW
LSA-R.S. 23:1333 allows acceleration of worker's compensation benefits under certain circumstances. Four statutory elements must be satisfied prior to accelerating a prior award of weekly benefits. They include, (1) an "award awarding compensation" against the employer, (2) "insolven[cy] or fail[ure] to pay six successive installments as they become due" by employer, (3) existence of "installments not yet payable under the award," and (4) the employee is not "adequately protected by insurance and receiv[ing] payments thereunder". LSA-R.S. 23:1333; Duncan v. State, DOTD, 615 So.2d 305 (La.1993); Eglin v. United Gas Pipeline, 95-721 (La.App. 3 Cir. 1/24/96), 670 So.2d 250. Jurisprudence has added another requirement, that the failure to pay be a "willful refusal." Duncan v. State, DOTD, 615 So.2d at 309; Eglin v. United Gas Pipeline, 670 So.2d at 254.

DISCUSSION
In the reasons for judgment, the hearing officer made a factual determination that defendant failed to timely make six successive payments to the claimant in violation of LSA-R.S. 23:1333(1). Our review of the record indicates that this factual finding is *603 supported by evidence in the record. The claimant introduced evidence to prove that TMSEL failed to timely make payments for the period from August 4, 1996 through September 14, 1996. The payment for the first five weeks of this time period was not made by TMSEL until January 24, 1997, almost six months after the payments became due. Further, the record indicates that payment for the sixth week of this time period, the week of September 8-14, was not received by claimant until September 25, 1996, and the hearing officer found this payment to be untimely. Under the circumstances presented here, we find that the hearing officer's finding that defendant failed to make six successive payments was not manifestly erroneous.
The record shows that defendant's suspensive appeal filed on June 21, 1996 divested the trial court of its jurisdiction until August 26, 1996 when the appeal was dismissed. However, we do not agree with defendant's argument that the claim for benefits only began to run from the date the appeal was dismissed, and not from the date the last payment was made. Although the claimant obviously could not have enforced his claim for benefits in the trial court during the pendency of the appeal, once the appeal was dismissed, the claimant could seek payment of past-due benefits that became due while the appeal was pending.
With regard to the second element as to the employer's insolvency, the Supreme Court has held in Duncan v. State, Dept. of Transp. and Development, 615 So.2d 305, 308 (La.1993) that an employer's failure to pay six successive installments as they become due creates an irrebuttable presumption of insolvency of the employer for purposes of this statute. We find that the claimant satisfied this element of the statute. In addition, the third element of the statute has been satisfied as the record indicates that the claimant had a potential entitlement to future benefits under the award at the time the motion to accelerate was filed.[1]
At the hearing of this matter, the hearing officer also rejected defendant's argument that the presence of insurance for the employer renders LSA-R.S. 23:1333 inapplicable based on Section 4 of that statute. An identical argument was soundly rejected by the Supreme Court in Duncan v. State, Dept. of Transp. and Development, 615 So.2d 305, 310 (La.1993), and we therefore find no error in the hearing officer's conclusion. We conclude therefore that the claimant in this case met its burden of proving all four elements set forth in LSA-R.S. 23:1333.
Further, the hearing officer made a factual determination that defendant's actions in failing to timely make these six successive payments constituted "willful refusal." The hearing officer rejected defendant's claim that its failure to make timely payments was due to "bureaucratic mechanism for funding appropriation," and was in "good faith." We have reviewed the record and find that this finding is not clearly wrong. We agree with the hearing officer's statement in its reasons for judgment that at some point, the defendant's refusal to correct its organizational problems must be deemed to be willful.
Nevertheless, the hearing officer denied claimant's motion for acceleration of benefits, finding that the filing of the motion to accelerate was to preempt the defendant's motion for an evaluation and vocational rehabilitation of the claimant. The hearing officer also noted in denying the motion that defendant had been timely paying the weekly indemnity benefits since the period beginning November 2, 1996.
Appellant contends that the hearing officer denied his motion to accelerate on erroneous grounds. We agree. The requirements for an acceleration of benefits contained in LSA-R.S. 23:1333 are clear and unequivocal. The record indicates that the claimant proved each of these elements, as well as the additional jurisprudential element of willful refusal to pay. There is no provision in the law which permits the denial of a motion to accelerate benefits based on the timing of the *604 filing of the motion or on the pendency of a separate motion to compel an evaluation of the claimant's ability to obtain future benefits. Further, the fact that an employer begins to make timely payments after a successive six week failure to pay is not relevant to a determination of whether a claimant is entitled to an acceleration of benefits. In this case, we conclude that the hearing officer's determination that Lloyd Davillier was not entitled to an acceleration of benefits was erroneous.
The judgment rendered in favor of claimant awarded him supplemental earnings benefits (SEB) in accordance with LSA-R.S. 23:1221(3). Although the maximum number of weeks of compensation set by this statute is 520 weeks, the statute also provides that in the event the injured worker is able to earn ninety percent or more of his pre-injury wages, then he is not entitled to benefits. In addition, LSA-R.S. 23:1221(3)(a) calls for a redetermination of the amount of SEB on a month by month basis. Further, LSA-R.S. 23:1226(e) provides for a reduction of benefits for a claimant's refusal to undergo vocational rehabilitation programs.
An award for acceleration can only be made where there is a clear indication that benefits are owed for a set number of weeks. Eglin v. United Gas Pipeline, 95-721 (La. App. 3 Cir. 1/24/96), 670 So.2d 250, 256. The court in Eglin affirmed the lower court's judgment of acceleration, but remanded the case for an evidentiary hearing to determine the maximum number of weeks that the claimant was entitled to benefits. In Duncan v. State, Dept. of Transp. and Development, supra, the Supreme Court reversed the judgments of the lower courts denying the claimant's motion for acceleration and entered judgment in favor of claimant for the remainder of installments payable under an award of supplemental earnings benefits. In Duncan, the defendant argued that the claimant retired prior to the trial of the acceleration rule and thus his right to SEB terminated. The Supreme Court refused to remand the case for further evidence of claimant's retirement as defendant failed to show that evidence of claimant's receipt of retirement benefits was not obtainable for the original trial.
In the present case, however, defendant argued at the trial level that claimant was capable of returning to his work as a bus driver or of earning at least minimum wage. The record contains evidence that defendant attempted to schedule a functional capacity evaluation and a vocational rehabilitation of claimant. Davillier refused to submit to the evaluation, and defendant's motion to compel was still pending at the time of the hearing on the motion to accelerate. Thus, there is no clear indication in the record that benefits are owed to claimant for a set number of weeks. Under the circumstances presented herein, we therefore must remand this case for an evidentiary hearing on the limited issue of the number of weeks of benefits to which claimant is entitled.
Accordingly, for the reasons assigned herein, we reverse the judgment of the lower court, grant plaintiff's motion to accelerate, and remand this matter to the trial court for a hearing on the limited issue of the maximum weeks of SEB benefits recoverable. Costs of this appeal are to be born by TMSEL.
REVERSED AND REMANDED.
NOTES
[1] Although defendant filed a motion to compel a functional capacity evaluation of claimant prior to the claimant's filing of the motion to accelerate in an effort to prove that claimant was not entitled to a continuation of benefits under the award, this motion was not resolved prior to the hearing on the motion to accelerate.