776 So.2d 501 (2000)
Kenneth J. WYBLE
v.
TUNICA BILOXI GAMING ECONOMIC DEVELOPMENT.
No. 00 00534.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
*502 Peter F. Caviness, Dauzat, Falgoust, Caviness, Opelousas, LA, Counsel for Kenneth J. Wyble Plaintiff-Appellee.
Sammie M. Henry, Egan, Johnson & Stiltner, Baton Rouge, LA, Counsel for Louisiana Workers' Compensation Corp., Tunica Biloxi Gaming Economic Development Defendant-Appellant.
(Court composed of Chief Judge NED E. DOUCET Jr., Judge OSWALD A. DECUIR, and Judge ELIZABETH A. PICKETT.)
PICKETT, Judge.
Kenneth J. Wyble was formerly employed by the defendantappellant, Tunica Biloxi Gaming Economic Development at the Grand CasinoAvoyelles as a blackjack dealer. During the course and scope of his employment, he developed carpal tunnel syndrome. He did not return to work after being diagnosed.
Mr. Wyble filed a compensation claim against the defendant and its insurer, Louisiana Workers' Compensation Corporation. March 29, 1996, the parties entered into a consent judgment stipulating that the plaintiff had contracted an occupational disease during the course and scope of his employment, that his average weekly wage at the time of his disability was $408.60, and that he was entitled to supplemental earnings benefits payable "to claimant at the full rate of $272.41 per week until such time as reduction of this amount or termination of said payments is allowed by the provisions of the Louisiana Workers' Compensation Act." This judgment was not appealed and is a final judgment.
Subsequently, the plaintiff began working for Hollier Implement Company and, as a result, his weekly SEBs were reduced accordingly, taking into account his earnings at Hollier.
April 2, 1998, Mr. Wyble sustained a lower-back injury while working for Hollier. This injury resulted in a disability which precluded him from working. As a result he began receiving weekly workers' compensation benefits from Hollier. These benefits were, as one would expect, less than the amount he had been receiving in wages while he was working at Hollier and receiving SEBs from the defendant.
This back injury was reported to the defendant who continued paying Mr. Wyble *503 weekly SEBs until July 31, 1998. At that time, the defendant terminated payment of any benefits.
November 23, 1998, the plaintiff filed a petition against the defendant seeking an acceleration of benefits under the consent judgment, penalties, and attorney fees.
January 26, 1998, the defendant paid Mr. Wyble a lump sum which brought current all SEBs due and owing from August 1, 1998, through December 31, 1998.
August 3, 1999, Mr. Wyble filed a Supplemental and Amending Petition seeking authorization for diagnostic testing ordered by Mr. Wyble's original treating physician, Dr. Hugh Larriviere, along with penalties and attorney fees. Trial was held August 12, 1999.
By judgment dated October 22, 1999, Judge Stacy Auzerne, awarded the following: (1) acceleration of the remaining SEBs due under the March 29, 1996 consent judgment, totaling $38,062.71; (2) penalties in the amount of $2,000.00 for the improper termination of SEBs; (3) the diagnostic testing recommended by Dr. Larriviere, to be authorized and paid for by the defendant; (4) penalties in the amount of $2,000.00 for the defendant's failure to authorize this testing; and (5) attorney fees of $5,000.00.
From this judgment the defendant has appealed. Plaintiff has answered the appeal, seeking an increase in penalties and attorney fees, as well as legal interest on the amounts awarded in the judgment.

DISCUSSION
The defendant argues the worker's compensation judge was clearly wrong in determining the plaintiff is entitled to acceleration of his benefits, is entitled to penalties and attorney fees for termination of his benefits, and is entitled to attorney fees and penalties for its refusal to authorize treatment recommended by Dr. Larriviere. They further argue that if it is determined the plaintiff is entitled to the acceleration of benefits, the judge miscalculated the amount owed.
La.R.S. 23:1333 allows for the acceleration of payment of workers' compensation benefits under certain conditions. This has been fully discussed by the Supreme Court in Duncan v. State of Louisiana, Department of Transportation and Development, 615 So.2d 305 (La.1993). According to Duncan, in order to accelerate benefits based on a failure to pay six consecutive installments when due, the court must find the following: (1) an award awarding compensation; (2) the employer has failed to pay six successive installments as they become due and the failure resulted from a willful refusal; (3) there is entitlement to instalments not yet payable under the award. Once the employee proves these elements, the burden shifts to the employer to show that the employee is not entitled to the maximum number of payments under the award by showing either that the employee's entitlement to benefits has terminated or will terminate within a determinable number of payments less than the maximum number of payments awarded.
The first element is clearly satisfied. Both the existence and substance of the consent judgment has been stipulated by the parties.
The second element actually requires a two-part inquiry. It must first be determined whether the employer failed to pay six successive installments as they became due. If so, it must be shown this resulted from a willful refusal on their part.
The defendant argues that the term "six successive installments" refers to monthly payments, pointing out the plaintiff at all times received his SEBs on a monthly basis. We are unpersuaded by this argument. The consent judgment under which Mr. Wyble receives his benefits clearly sets forth an award of weekly SEBs at the rate of $272.40 per week. Further, in Duncan, the Supreme Court found the plaintiff had carried his burden of showing *504 a failure to pay six successive installments by showing a failure to pay when the defendants failed to pay for a period of eight weeks. La.R.S. 23:1221(3)(a) allows for the recalculation of SEBs on a monthly basis. This does not alter the fact that SEBs are weekly in nature both under the law and the terms of the consent judgment. The workers' compensation judge correctly determined the employer failed to pay six successive installments as they came due.
The workers' compensation judge found the failure to pay six consecutive installments as they came due a "willful refusal." We agree. The defendant argues at the time benefits were terminated, the plaintiff (1) had returned to work at more than 90% of his pre-injury wage and (2) was no longer disabled; therefore, he was not entitled to SEBs. This argument appears, after a review of the record, to be an afterthought argument not made at the trial level and unsupported by the record.
The claims adjustor stopped Mr. Wyble's SEBs because she was not sure if he could receive workers' compensation benefits from two employers at the same time. She wanted to get an opinion as to whether he should still be receiving SEBs. This was the sole reason for terminating his benefits. Although the defendant argues they also had medical reports indicating he was released to go back to work, this is not supported by the record. In fact, the claims adjustor testified that she began making efforts to obtain a medical report in late July 1998, at which time his benefits terminated, and did not receive them until January 29, 1999, three days after his benefits were reinstated. It is not, therefore, possible for there to be medical considerations which affected this decision. Clearly there was a willful refusal to pay benefits.
At the time Mr. Wyble's benefits were terminated he had received 177 weeks of workers' compensation benefits, leaving 343 more weeks eligibility to draw unless he is shown to be no longer disabled or entitled to some lesser amount than as being paid at the time of termination. Although, as outlined above, the defendant argues the plaintiff is no longer entitled to SEBs, this argument is not supported by the record.
Indeed, the workers' compensation judge found the plaintiff continues to suffer from a medical condition, which arose while employed by Grand Casino, which prevents his return to work. The record supports her finding and it will not be set aside.
Mr. Wyble is entitled to accelerated SEBs. The defendant is correct, however, that the amount to which he is entitled has been miscalculated. The plaintiff was paid SEBs in the amount of $443.88. The judge divided this amount by 4 and determined he was due $110.97 weekly, then multiplied $110.97 by 343 to reach a total amount of $38,062.71. La. R.S. 23:1221(3)(a) requires the amount, however, to be divided by 4.3, resulting in a weekly benefit of $103.23. When multiplied by 343 this would result in a total figure of $35,407.89 due the plaintiff.
We uphold the judge's award of penalties and attorney fees. We agree with the defendant that statutory penalties are not allowed when a compensation claim has been reasonably controverted, and attorney fees are warranted only if the failure to pay benefits is arbitrary, capricious, or without probable cause. La. R.S. 23:1201 and 23:1201.2. For all the reasons discussed above, however, we find the record supports an award of penalties and attorney fees. The defendant cannot justify its actions in this matter. We amend the amount of the penalty award to $3,000.00, however, to comply with the mandatory language in La.R.S. 23:1201(G).
The defendant further contests the workers' compensation judge's imposition of penalties and attorney fees for its denial of treatment that was recommended by Dr. Larriviere. The judge determined *505 the facts of this case show there was no justifiable reason to deny medical treatment and imposed penalties accordingly. Indeed, the defendant continues to try to justify its actions based on medical records it had not received at the time the decision was made. We will not disturb these awards.
The plaintiff argues he is entitled to judicial interest in accordance with La. R.S. 23:1201.3. We agree and amend the judgment to provide for legal interest from the date of judicial demand until paid.
We also award attorney fees to the plaintiff in the amount of $2,500.00 for work done on this appeal.

CONCLUSION
We hereby affirm the ruling of the workers' compensation judge as to the issue of acceleration of benefits, amending it, however, to correct the miscalculation. We further affirm the awards of penalties, as amended, and attorney fees for improperly terminating the plaintiffs SEBs. We affirm the judge's award of penalties and attorney fees for the denial of medical treatment. We grant additional attorney fees in the amount of $2,500.00 for work done on appeal. We grant legal interest from the date of judicial demand until paid.
AFFIRMED AS AMENDED.