827 So.2d 599 (2002)
Daisy BELLANGER
v.
LaSALLE COMMUNITY ACTION.
No. 02-299.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*600 Michael A. Betts, Denham Springs, LA, for Plaintiff/Appellee Daisy Bellanger.
Michael J. Bourquard, New Orleans, LA, for Defendant/Appellant LaSalle Community Action.
Court composed of BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, and MICHAEL G. SULLIVAN, Judges.
WOODARD, Judge.
In this workers' compensation case, the employer, LaSalle Community Action, appeals the WCJ's award of penalties and attorney's fees to Ms. Daisy Bellanger for failure to pay an award, within thirty days, under the terms of a final nonappealable judgment. We affirm.

* * * * *
Ms. Daisy Bellanger suffered an injury while working at LaSalle Community Action. On March 23, 2001, the morning of trial, the parties agreed to a lump sum settlement, of $17,500.00, in addition to payment and/or reimbursement of her medicals and expenses, for a total of $17,987.18. Counsel read the settlement amount into the record, after which the WCJ questioned Ms. Bellanger concerning her understanding of the settlement terms and whether she believed the settlement to be in her best interest. Apparently, satisfied with Ms. Bellanger's response, the WCJ ordered counsel to submit the necessary documents to the court within fifteen days.
On April 3, 2001, Ms. Bellanger's counsel verified the amount of the medicals and expenses. On that same date, the insurer provided defense counsel with the check. Then, on April 10, 2001, three days after the expiration of the fifteen day time period, LaSalle Community Action's counsel sent the settlement package to Ms. Bellanger for signing. Because she was out of the state, her signature could not be obtained, immediately. Her counsel returned the signed documents to defense counsel on April 23, 2001.
On May 8, 2001, defense counsel forwarded the documents to the court for the WCJ's signature, which was not obtained until May 17, 2001. However, three days before, on May 14, 2001, Ms. Bellanger filed a motion to enforce the settlement and requested that the WCJ award penalties because of the delays in obtaining the executed documents from defense counsel. Once it received notice of the WCJ's signature on the judgment, LaSalle Community Action's counsel disbursed the proceeds on *601 May 24, 2001, nearly two months after it had received them from the insurer.
The WCJ heard the motion to enforce on July 27, 2001, ruled in Ms. Bellanger's favor, and awarded statutory penalties and attorney's fees. LaSalle Community Action appeals, claiming that the time period for statutory penalties and attorney's fees did not begin to run until the WCJ signed the judgment, reflecting the parties' settlement.

* * * * *

LUMP SUM SETTLEMENT
The initial question, which we must address, is whether a settlement, recited on the record, constitutes a nonappealable judgment.
We begin with La.R.S. 23:1272(A), which provides the procedures for perfecting a settlement and obtaining the judge's approval:
A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.

(Emphasis added.)
Notwithstanding, Counsel for LaSalle Community Action urges that, based on our supreme court's 1984 holding in Colbert v. Louisiana State University Dental School,[1] unless the parties filed and complied with the statutorily requisite joint verified petition, an oral settlement in open court would not give either party the right to enforce a specific agreement to compromise. However, the 1999 amendment to La.R.S. 23:1272 supercedes Colbert's holding. That amendment added recitation of the terms of the settlement in open court as a sanctioned means for obtaining approval. Additionally, for obtaining approval, the amendment requires the parties' acknowledgment of the settlement's terms. Accordingly, the following exchange occurred between the WCJ and Ms. Bellanger:
The Court: And Ms. Bellanger, you've heard the terms of the settlement?
D. Bellanger: Yes, I have.
The Court: You're represented by Mr. Betts?
D. Bellanger: Yes, I am.
The Court: You've discussed this matter with him?
D. Bellanger: Yes,
The Court: You feel it's in your best interest to accept this settlement?
D. Bellanger: Yes, I am. [sic]
The Court: You understand that it's a full and final settlement of your case?
D. Bellanger: Yes.
The Court: All right.
After this discussion, the WCJ ordered counsel to submit the documents, reflecting the recited settlement, to her within fifteen days for her signature.
Furthermore, in her reasons for judgment, concerning Ms. Bellanger's subsequent motion to enforce the settlement, she stated:
The terms of the settlement was [sic] recited and acknowledged by the parties in open court. The recitation was capable of transcription and this Court made the determination that the claimant understood the terms and conditions of the settlement. Following the recitation and the acknowledgment and other assessments *602 made in open court, the settlement was approved and it became a final and nonappealable judgment at that time.
If the Court were to find otherwise, i.e., that a written order was required before the settlement order became final, that would in fact render the open court settlement order worthless and without legal effect. To find that, it [sic] would be in a direct disregard for the 1999 amendment to Louisiana Revised Statute 23:1272. To find otherwise, would in effect void the intent of the legislature and their creation of an additional avenue for the approval of settlements. It would void the intent of the legislature and their creation of an avenue for the expedited consummation of settlement agreements and it would allow senseless delays between the settlement approval and the fruition of the settlement funds.
(Emphasis added.)
Defense counsel's arguments appear to suggest that, because the WCJ did not expressly state "I approve the settlement," or words to that effect, the settlement was not perfected and, therefore, final, until she signed the judgment, memorializing her approval.
However, we find our previous case, Cormier v. Ellender's Portable Building,[2] particularly helpful. In that case, we held that a compromise has the same force and attributes of a court's judgment and that, although the WCJ did not specifically state that she found the settlement to be fair, equitable, and consistent with workers' compensation laws, it was clear from her actions, at the time, that she had considered the settlement, which was read into the record, and approved it.[3] Consequently, once the terms of the settlement were recited in open court and approved by the WCJ, they were enforceable by the parties against each other.
Moreover, La.R.S. 23:1272(B) delineates the WCJ's requisites for approving a settlement when counsel petitions the court, in writing, for approval. There is no reason to believe that the same criteria would not apply for approving a settlement in open court when the claimant is present and represented by counsel, since the legislative intent appears to be to ensure the claimant's knowledge and approval of a settlement.
This provision mandates that the WCJ shall approve the settlement when:
(1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and (2) that such employee or dependent understands his rights and the consequences of entering into the settlement[.]
The colloquy, which we recited above, between Ms. Bellanger and the WCJ in the instant case, reveals that the judge followed this procedure and ascertained all of the pertinent information, which required the judge's approval and rendered the matter to be legally final. Thus, we find that the subsequent written judgment was simply a formality, evidencing the already existing oral judgment, which the WCJ approved in open court after the settlement's recitation into the record. This oral judgment became final and nonappealable.

ATTORNEY'S FEES AND PENALTIES
Awards of penalties and attorney's fees in workers' compensation cases are penal in nature and are imposed to *603 discourage the employers' undesirable conduct.[4] A worker's compensation claimant is not entitled to attorney's fees and penalties, unless the employer acts arbitrarily and capriciously in handling the employee's claim.[5] The WCJ has great discretion in awarding attorney's fees and penalties, and we will not disturb his or her decision, absent manifest error.[6]
In the instant case, we have already determined that, based upon the 1999 amendment to La.R.S. 23:1272, the oral settlement agreement, entered into the record on March 23, 2001, was binding and enforceable as a final nonappealable judgment. Therefore, the time to enforce the judgment began to run on March 23, 2001, expiring thirty days afterwardsApril 23, 2001.
In the case at bar, La.R.S. 23:1201(G) is the applicable statute, concerning penalties and attorney's fees:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
(Emphasis added.)
Since we have determined, above, that reciting the terms of the settlement into the record and following La.R.S. 23:1272's procedures constituted a final, nonappealable judgment, Ms. Bellanger's funds were due within 30 days from March 23, 2001. Because payment was not made to Ms. Bellanger within thirty days of the due date and, in fact, was made more than sixty days afterwards, we affirm, both, the statutory penalties of $4,316.92, as well as attorney's fees, totaling $1,500.00.

ADDITIONAL ATTORNEY'S FEES
Finally, Ms. Bellanger contends that we should award her additional attorney's fees for her counsel's appellate work. In light of our findings, this request is well founded. Thus, we award an additional $1,500.00 in attorney's fees for work done on appeal.

CONCLUSION
Ms. Bellanger and LaSalle Community Action entered a stipulation, regarding settlement, into the record. The WCJ granted them fifteen days to send her the necessary documents. For numerous reasons, this did not occur, and LaSalle Community Action's counsel did not release the funds until more than sixty days after the rendering of a final, nonappealable judgment.
For the reasons we expressed, we affirm the award of attorney's fees and penalties, award an additional $1,500.00 for attorney's fees for work completed on the appeal, *604 and cast the costs for this appeal against the employer.
AFFIRMED.
NOTES
[1] 446 So.2d 1204 (La.1984).
[2] 00-1595 (La.App. 3 Cir. 2/28/01); 781 So.2d 776.
[3] Id.
[4] Sharbono v. Steve Lang & Son Loggers, 97-110 (La.7/1/97); 696 So.2d 1382.
[5] Gary v. D.E. Page Const., 93-1266 (La.App. 3 Cir. 5/4/94); 640 So.2d 523.
[6] Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3 Cir.1993).