836 So.2d 1199 (2003)
Cecil E. ATWOOD, Plaintiff-Appellant,
v.
EWING TIMBER, INC., Defendant-Appellee.
No. 36,732 WCA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
*1200 Flournoy, Doggett & Losavio, by Knight E. Doggett, Alexandria, for Appellant.
Bobby L. Culpepper & Associates, by Bobby L. Culpepper, Jonesboro, Teresa C. Carroll, for Appellee.
Before GASKINS, CARAWAY and KOSTELKA, JJ.
GASKINS, J.
In this worker's compensation case, the claimant, Cecil E. Atwood, appeals from the refusal of the worker's compensation judge (WCJ) to grant his request to accelerate his weekly supplemental earnings benefits (SEB) under La. R.S. 23:1333. The employer, Ewing Timber, Inc., answered the appeal, protesting the WCJ's decision to award penalties and attorney fees and to continue the claimant's SEB despite his alleged noncompliance with La. R.S. 23:1221(3)(f). For the reasons assigned below, we reverse in part, affirm in part and remand.

FACTS
The claimant filed a disputed claim for compensation form on October 30, 1998, in which he alleged a work-related back injury *1201 on October 2, 1998. He further asserted that his employer had failed to timely pay benefits or medical expenses, to authorize medical treatment, or to provide vocational rehabilitation.
Subsequently, the WCJ rendered judgment awarding the claimant total temporary disability (TTD) benefits of $367 per week from October 4, 1998 through April 30, 1999, and from December 1, 1999 continuing until he was released to return to work. He was also awarded SEB from May 1, 1999 through November 30, 1999, based on his actual earnings during the period. The judgment assessed legal interest from the due date of each installment until paid. The employer was ordered to pay all related medical expenses and to reimburse the claimant for travel and pharmacy expenses, together with legal interest. The employer suspensively appealed.
In Atwood v. Ewing Timber, Inc., 34,045 (La.App.2d Cir.12/15/00), 774 So.2d 1140, writ denied, XXXX-XXXX (La.5/11/01), 792 So.2d 733, this court amended and affirmed as amended. Specifically, the court held that the claimant was not entitled to TTD benefits beyond the initial period following the injury; thus, the judgment was amended to award TTD benefits of $367 per week for the period of October 4 to October 19, 1998. However, he was found to be entitled to SEB in the amount of $326.66 per week for the period of October 20, 1998, through November 30, 1999, and the employer was ordered to continue paying him SEB thereafter in accordance with La. R.S. 23:1221(3)(a). The award of reimbursement for the claimant's reasonable medical and travel expenses was affirmed. This court also found no error in the judgment's assessment of legal interest on the weekly compensation benefits from the date due until paid. The employer's request for rehearing was denied by this court on January 18, 2001, and the subsequent writ application to the Louisiana Supreme Court was denied on May 11, 2001. Thereafter, the claimant made written demand upon the employer for payment of the final judgment.
While the appeal was pending, the employer sought to have the claimant examined by a doctor. By letter dated February 21, 2000, the employer stated that it was willing to pay for the claimant to see his neurologist. However, no appointment for the claimant was scheduled by the employer.
On June 26, 2001, the claimant filed a motion for penalties, attorney fees and acceleration of benefits. He asserted that the judgment against the employer was final and that despite written demand, the employer had failed to pay any part of the judgment, including six successive installments as they became due. He further alleged that he was not protected by insurance. In addition to penalties and attorney fees under La. R.S. 23:1201(G), he requested that all installments of indemnity benefits not yet payable become due and that the judgment be made executory for the whole amount.
A hearing was held on July 23, 2001. The parties stipulated that the only payment made on the judgment by the employer was a check for $20,568.44, which was dated July 5, 2001 and covered benefits through February 21, 2000.[1] The employer called as a witness Brandon Ewing, the owner of Ewing Timber. Among other things, he admitted that even though the appellate court had specifically awarded the claimant SEB of $326.66 per week for October 20, 1998 through November 30, *1202 1999, he had unilaterally decided to deduct $1,400 for November 1999 because the claimant did not provide his earning information for that month.
The WCJ found that the failure to pay the judgment was "simply due to the recalcitrant attitude of the defendant" and that this behavior was a willful refusal under La. R.S. 23:1333. Although Mr. Ewing indicated in his testimony that they were waiting for some information to compute the payments, the WCJ observed that under the appellate court decision, no such additional information was required. Finding that the claimant had proven the necessary elements for acceleration, the WCJ granted his request for acceleration, together with legal interest from the maturity of each weekly payment. Since the employer failed to establish that the claimant's entitlement to benefits had terminated or would terminate at a date earlier than the maximum recovery period, the WCJ ordered that the maximum number of weekly payments would be used to calculate the accelerated amount.
Pursuant to La. R.S. 23:1201(G), the WCJ further awarded a penalty of 24 percent of the total amount of indemnity benefits due, as well as attorney fees of $10,000. Judgment was signed August 29, 2001.
On August 9, 2001, the employer filed a notice with the Office of Workers' Compensation (OWC) that benefits to the claimant had been stopped. The reason cited was his failure to see a doctor as requested in February 2000. However, the record does not show that there was a prior judicial determination that the exam was reasonable.[2]
On August 28, 2001, the employer filed a motion for new trial.[3] It asserted that the WCJ erred in accelerating the benefits and awarding penalties and attorney fees. It further alleged that the claimant failed to attend a functional capacity examination scheduled for August 16, 2001, at the North Louisiana Rehabilitation Hospital in Ruston even though notified of the appointment.[4]
On September 24, 2001, the trial court granted the motion for new trial to determine: (1) if additional information was needed to calculate SEB before payment was made to the claimant; (2) whether the benefits would terminate at a future determinable date earlier than the maximum recovery period; (3) whether the defendant was justified in awaiting information about whether to make payment for medical expenses to the claimant or to Medicare; and (4) the period of the six missed installments.[5]
On October 23, 2001, a hearing was held. The claimant testified on his own behalf; he stated that since the appellate court *1203 decision, the only money he had received from the employer was the $20,568.44 check dated July 5, 2001. The employer presented the testimony of its bookkeeper, David Sims. He testified that he had never handled a SEB case before and was unsure of how to calculate the payments. He asserted that he was waiting for additional information before paying. He also stated that he authorized the filing of the notice to the OWC that compensation payments had been stopped.
At the conclusion of the hearing, the WCJ amended the prior judgment to award SEB from October 4, 1998, through October 23, 2001, the date of the hearing. Finding that the employer failed to prove that the claimant was able to earn 90% of his preinjury wages, the WCJ ordered that those benefits continue until the claimant's medical condition changed. The WCJ reaffirmed the penalties and attorney fees previously granted. However, acceleration was denied because the claimant had not proved the employer's failure to pay six successive installments as they became due. Judgment was signed November 28, 2001. Costs were assessed against the employer.
The claimant appeals the WCJ's refusal to order acceleration. The employer answered the appeal. It contends that the WCJ erred in awarding penalties in excess of $3,000 and in awarding excessive attorney fees. It further argues that the WCJ erred in continuing SEB payments.

ACCELERATION
La. R.S. 23:1333 allows acceleration of worker's compensation benefits under certain circumstances. Four statutory elements must be satisfied prior to accelerating a prior award of weekly benefits. They include: (1) an "award awarding compensation" against the employer, (2) "insolven[cy] or fail[ure] to pay six successive installments as they become due" by employer, (3) existence of "installments not yet payable under the award," and (4) the employee is not "adequately protected by insurance and receiv[ing] payments thereunder." Duncan v. State, DOTD, 615 So.2d 305 (La.1993); Eglin v. United Gas Pipeline, 95-721 (La.App. 3d Cir.1/24/96), 670 So.2d 250; Davillier v. Transit Management of Southeast Louisiana, 1997-2848 (La.App. 4th Cir.9/9/98), 718 So.2d 600.
Jurisprudence has added another requirement, that the failure to pay be a "willful refusal." Duncan v. State, DOTD, 615 So.2d at 309; Eglin v. United Gas Pipeline, 670 So.2d at 254; Davillier v. Transit Management of Southeast Louisiana, 718 So.2d at 602. A finding of a "willful refusal" is one of fact to be reviewed under the Stobart appellate review standard of "manifest error." Eglin v. United Gas Pipeline, supra.
The primary issue presented here is whether the WCJ erred in concluding that the claimant did not prove that the employer failed to pay six successive installments as they became due. The WCJ reasoned that under Duncan, the successive installments became due monthly. According to the WCJ, the first installment did not come due until 30 days after May 11, 2001, and then 30 days after that. We find that the WCJ erred in this conclusion.
In its discussion of the second requirement for acceleration in the Duncan case, the Louisiana Supreme Court stated, 615 So.2d at 309:
Once an employer demonstrates his recalcitrance by willfully refusing to pay an employee's compensation benefits for six consecutive weeks, the employee should be allowed to collect the full amount of his award by acceleration. [Emphasis added.]
*1204 In Wyble v. Tunica Biloxi Gaming Economic Development, XXXX-XXXXX (La.App. 3d Cir.11/2/00), 776 So.2d 501, that court specifically addressed an employer's contention that "six successive installments" referred to monthly payments since the claimant received his SEB on a monthly basis. In dismissing this argument, the court observed that SEB payments are weekly in nature under the law.
If an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiorari. La. C.C.P. art. 2166(E). Thus, the appellate court judgment in favor of the claimant became final on May 11, 2001, as correctly determined by the WCJ. The employer made no attempt to pay until approximately eight weeks later. Therefore, under Duncan, the second requirement for acceleration is supported by the record.
Our review of the record indicates that all of the requirements for acceleration under La. R.S. 23:1333 have been satisfied. As to the third requirement, we specifically note that to avoid a judgment accelerating the maximum number of weekly benefit payments, the defendant must show that the plaintiff's entitlement to disability benefits has terminated or will terminate with a certain determinable number of payments less than the maximum number of payments. Duncan, supra. The record supports the acceleration of benefits as there are installments not yet payable under the award, and the employer did not carry his burden of proving that the benefits will terminate at a future determinable date earlier than the maximum recovery period.
The WCJ also found that the failure to pay was willful. In considering the issue of penalties and attorney fees, the WCJ concluded that there was a willful refusal to pay the benefits by the employer. The appellate court decision plainly directed the employer to institute weekly SEB payments to the claimant; it failed to do so in a timely manner. Although the employer claimed confusion as to the amounts owed, it was represented by counsel. Furthermore, as also noted by the WCJ, the employer could have sought advice elsewhere on this computation matter.
We remand this matter to the WCJ for entry of a judgment in conformity with this opinion. In particular, the WCJ is to determine the number of weeks remaining in the 520-week maximum period.[6]

PENALTIES AND ATTORNEY FEES
Under La. R.S. 23:1201(G), an employer is liable for penalties and attorney fees if it does not pay an award payable under a final, nonappealable judgment within 30 days. It states:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment *1205 results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate. [Emphasis added.]
Awards of penalties and attorney fees in workers' compensation cases are penal in nature and are imposed to discourage undesirable conduct by employers and insurers toward injured employees. Bellanger v. LaSalle Community Action, 2002-299 (La.App.3d Cir.10/2/02), 827 So.2d 599. See also Langley v. Petro Star Corp. of La., XXXX-XXXX (La.6/29/01), 792 So.2d 721. The WCJ has great discretion in awarding penalties and attorney fees and her discretion will not be disturbed absent manifest error. Bellanger v. LaSalle Community Action, supra.

Penalties
The employer argues that the maximum penalty available under La. R.S. 23:1201(G) is $3,000. However, the statute is clear and unambiguous. While the $100 per day penalty provided for therein is limited to $3,000, the 24 percent penalty is not. Bordelon v. Inland Industrial Contractors, XXXX-XXXX (La.App. 3d Cir.3/6/02), 810 So.2d 1272, writ denied, XXXX-XXXX (La.6/7/02), 818 So.2d 768 (statutory penalty of $12,768 affirmed). See also Bellanger v. LaSalle Community Action, supra (statutory penalty of $4,316.92); and Kessel v. Hotel Dieu Hospital, XXXX-XXXX (La. App. 4th Cir.10/16/02), 830 So.2d 1057 (statutory penalty of $24,000).
According, the portion of the judgment awarding 24 percent statutory penalties is affirmed.

Attorney Fees
The employer argues that the $10,000 award of attorney fees is excessive.
The factors to be considered in the imposition of the attorney fee in workers' compensation cases include the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case. Tatum v. St. Patrick's Psychiatric Hospital, 34,957 (La.App.2d Cir.8/22/01), 794 So.2d 958. There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney fees since the record will reflect much of the services rendered. Tatum v. St. Patrick's Psychiatric Hospital, supra. The degree of bad faith exhibited by the employer is not an appropriate factor in determining the amount of attorney fees to be awarded under La. R.S. 23:1201(G). Langley v. Petro Star Corp. of La., supra.
We find that the amount of $10,000 for attorney fees is not unreasonably high for all of the work performed by claimant's counsel, both at the lower level and at the appellate level. At the time of the first hearing, he estimated that he had spent 50 hours working on the case. Thereafter, he was required to respond to the employer's motion for new trial; he prepared for and attended a second hearing. He then appealed the matter, success-fully procuring a reversal of the WCJ's refusal to accelerate. As to the answer to the appeal, he successfully defended the award of penalties. Accordingly, we affirm the WCJ's award of attorney fees.

CONCLUSION
The portion of the judgment denying the claimant's request for acceleration is reversed. We remand this matter to the lower court for entry of a judgment in *1206 favor of the claimant in accordance with this opinion. In all other respects, the judgment is affirmed.
Costs of this appeal are assessed against Ewing Timber, Inc.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
NOTES
[1] Review of the computation sheet accompanying the check shows that the amount of the check did not include interest.
[2] An employer is not entitled to suspend a disabled employee's right to compensation for failure to report for a medical examination until there has been a prior judicial determination that the medical examination requested by the employer is reasonable. La. R.S. 23:1124; City of Jennings v. Clay, 1998-225 (La.App. 3d Cir.10/14/98), 719 So.2d 1164; Knight v. General Accident Insurance Company, 496 So.2d 1141 (La.App. 4th Cir.1986); Seaberry v. T.G. & Y. Stores Company, 467 So.2d 12 (La.App. 1st Cir.1985), writ denied, 470 So.2d 121 (La.1985). See also Spence v. Industrial N.D.T., 31,744 (La.App.2d Cir.3/31/99), 731 So.2d 473; Collins v. General Motors Corporation, 605 So.2d 219 (La. App. 2d Cir.1992).
[3] Formerly prohibited, motions for new trial are now permitted in worker's compensation cases. La. R.S. 23:1310.5(B).
[4] However, testimony subsequently demonstrated that the claimant was not given the 14-day notice for this examination required under La. R.S. 23:1124.
[5] On November 7, 2001, the WCJ issued written reasons supporting the granting of the motion for new trial.
[6] In brief, the employer refers to La. R.S. 23:1221(3)(f) and asserts that the claimant's failure to timely provide copies of his monthly earnings reports somehow calls into question the WCJ's award of SEB payments through the date of the October 23, 2001 hearing. In its answer to the appeal and at oral argument, it contended that this failure resulted in a forfeiture of the claimant's benefits. However, the employer cites no support for this argument. Accordingly, we will not consider this issue further.