STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1655

PETER OLIVIER, SR.

VERSUS

AFTER CRASH, INC.

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 02-09522
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Glenn B. Gremillion, Judges.

AFFIRMED.

Kevin L. Camel
Cox, Cox & Filo
723 Broad St.
Lake Charles, LA 70601
(337) 436-6611
Counsel for Plaintiff/Appellee
        Peter Olivier, Sr.

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Defendant/Appellant
        After Crash, Inc.

GREMILLION, Judge.

The defendant, After Crash, Inc., appeals the judgment of the workers' compensation judge finding that it relied on incorrect information from the Social Security Administration (SSA) in taking the reverse offset from indemnity benefits it owed the plaintiff, Peter Olivier, Sr. We affirm.

## FACTS

Prior to Olivier being found permanently and totally disabled (PTD) via a September 6, 2002 judgment, the Social Security Administration (SSA) determined that he was entitled to Social Security Disability (SSD) benefits as of May 1999. He began receiving SSD benefits in the amount of $941.80, which was $1,104.80, the maximum amount of SSD he could receive, minus $163.00, the federal offset amount. Subsequent to the September 6, 2002 judgment, Olivier began receiving PTD benefits in the amount of $1115. This judgment also entitled After Crash to take the reverse offset allowed by La.R.S. 23:1225. Information received from the SSA on June 13, 2001, indicated that the original federal offset amount was $816.20. This was based on Olivier receiving a total family benefit of $1758. Thus, After Crash offset Olivier's PTD benefits by $816.50, reducing his PTD benefits from $1115 per month to $258.77 per month. However, his SSD benefits were only increased by $163 per month rather than by $816.50 per month.

Inquiries to the SSA by Olivier's counsel determined that an error had been made by the SSA in determining the federal offset amount. Instead of Olivier's total family benefit being $1,104.80, the amount received by him prior to the federal offset, the amount used was $1758. Upon learning this, counsel for Olivier informed

2

After Crash, in a letter dated October 29, 2002, that the correct amount of its reverse offset should be $163 per month, rather than $816.20 per month, and requested that it correct Oliviers' PTD benefits to reflect the difference.

On November 7, 2002, Olivier's counsel sought the corrected information from the SSA. After this was received, he forwarded the information to After Crash in a December 6, 2002 letter, again requesting that it correct the reverse offset taken from Olivier's PTD benefits. When After Crash failed to do so, Olivier filed a disputed claim for compensation seeking the correction of the reverse offset and penalties and attorney's fees.

Following a trial on the merits, the workers' compensation judge rendered a judgment finding that the correct amount of After Crash's reverse offset was $163 per month. In further finding that it was put on notice that the initial information received from the SSA was incorrect due to information it received pertaining to Olivier's family status prior to September 2002, the workers' compensation judge awarded Olivier $2000 in penalties and $5000 in attorney's fees. This suspensive appeal by After Crash followed.

**DISCUSSION**

At the outset, we note that a workers' compensation judge's factual findings are reviewed pursuant to the manifest error—clearly wrong standard of review. *Sharbono v. Fire Safety Sales and Serv.*, 04-265 (La.App. 3 Cir. 9/29/04), 883 So.2d 1066. This includes the decision to award penalties and attorney's fees. *Thomas v. Browning-Ferris, Inc.*, 03-1518 (La.App. 3 Cir. 3/31/04), 871 So.2d 1161.

3

After reviewing the record, we find no error in the workers' compensation judge's determination that the correct reverse offset to be taken by After Crash is $163, rather than $816.20. After the first incorrect information, the SSA sent several notices to Olivier's counsel and to the workers' compensation judge showing that $163 was the correct amount taken by the SSA, as the federal offset prior to the reverse offset being granted to After Crash. Accordingly, this ruling is affirmed.

We further find no error in the workers' compensation judge's decision to award Olivier penalties of $2000 and attorney's fees of $5000 due to After Crash's reliance on the incorrect matter and its failure to investigate after being put on notice. The workers' compensation judge found that After Crash should have been put on notice that the amount was incorrect as it had information pertaining to Olivier's family status prior to September 2002. Albeit true, we find that After Crash was definitely put on notice after receiving information from Olivier's counsel, including information from the SSA, that the amount it was offsetting was incorrect. Accordingly, we affirm the awards of penalties and attorney's fees. Olivier has further requested attorney's fees for work performed on appeal. However, since he failed to file an answer to appeal requesting this, we are precluded from making such an award. La.Code Civ.P. art. 2133.

## CONCLUSION

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. The costs of this appeal are assessed to the defendant-appellant, After Crash, Inc.

**AFFIRMED.**

4