STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1481


PETER OLIVIER

VERSUS

AFTER CRASH, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 02-09522
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED AS AMENDED.

H. Douglas Hunter
Guglielmo, Lopez, Tuttle, Hunter & Jarrell
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Defendant/Appellant:
    After Crash, Inc.

Kevin L. Camel
Cox, Cox, Filo & Camel
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
Counsel for Secondary Plaintiff/Appellant:
    Peter Olivier

**DECUIR, Judge.**

In this workers' compensation case, the claimant, Peter Olivier, Sr., appeals the denial of his motion to accelerate benefits. The employer, After Crash, Inc., and its insurer, Louisiana United Business Association and Self-Insured Fund, also appeal, alleging error in the denial of their motion to amend the judgment awarding benefits to the claimant and in the award of penalties and attorney fees. For the following reasons, we affirm.

Mr. Olivier was injured on October 12, 1998 while in the course and scope of his employment with After-Crash, Inc. Its insurer, LUBA, has paid compensation benefits to Mr. Olivier since the accident and the parties stipulated that he is totally and permanently disabled. In 2002, Mr. Olivier began receiving Social Security benefits. LUBA took a statutorily authorized reverse offset and reduced benefits based on the amount of Social Security payments. The parties disagreed on the appropriate amount of the offset. Mr. Olivier filed a disputed claim with the Office of Workers' Compensation, requesting benefits in the amount of $952.00 per month and past due benefits of $24,349.83. On May 4, 2005, this court rendered a decision affirming a judgment, dated August 4, 2004, which awarded the claimant $221.40 per week, or $952.00 per month, in total and permanent disability benefits, as well as past due benefits, penalties, and attorney fees. *See Olivier v. After-Crash, Inc.,* 04-1655 (La.App. 3 Cir. 5/4/05), 901 So.2d 1214.

Several weeks after this court's judgment became final, LUBA increased Mr. Olivier's weekly benefits to only $219.69, rather than $221.40, and paid a portion of the past due amounts awarded in the judgment. A balance of $2,142.74 remained on the past due amount. On August 1, 2005, Mr. Olivier filed a disputed claim seeking penalties and attorney fees pursuant to La.R.S. 23:1201(G) and moved for an acceleration of benefits under La.R.S. 23:1333. In November of 2005, LUBA

converted Mr. Olivier's benefits from weekly payments to monthly payments of $952.00. The motions for acceleration of benefits and for penalties and attorney fees were heard on December 8, 2005, and taken under advisement. The following year, on June 5, 2006, LUBA filed a motion to modify the August 4, 2004 judgment, arguing for the first time that the trial court erred in its calculation of the offset; LUBA proposed that the proper amount of benefits is actually $912.00 per month.

The trial court issued its ruling on July 27, 2006. The court denied the claimant's motion for acceleration of benefits and LUBA's motion for modification of the 2004 judgment. The court ordered LUBA to pay the past due amount of $2,161.55 owed under the 2004 judgment. The claimant was also awarded a $5,843.55 penalty and attorney fees of $7,000.00. Both Mr. Olivier and LUBA have appealed.

## LUBA'S APPEAL

LUBA seeks a modification of the 2004 judgment awarding benefits to Mr. Olivier. He was awarded a monthly benefit of $952.00; LUBA contends the proper amount should have been $912.00 per month. LUBA bases its position on an error in the paperwork from 2001 when the Office of Workers' Compensation and the Social Security Administration were calculating the ratio of benefits to be paid to Mr. Olivier. The alleged error was never corrected, and LUBA asserts that, as a result, the judgment contains a mere error in calculation which can be corrected by amendment at any time. To the contrary, the workers compensation judge characterized the error as substantive and declined to amend the judgment as requested.

We agree with the decision rendered below. The amount awarded by the trial court, $952.00 per month, was a figure discussed by the parties, contained in

2

numerous documents, never objected to by the defense when approving the form of the proposed judgment, and reviewed by this court on appeal. While it may well be that an error occurred at some point in the completion of certain paperwork, there is no indication that an error of calculation exists in the judgment itself.

Similarly, we find no error in the workers' compensation award of past due benefits of $2,161.55, a penalty of $5,843.55, and a $7,000.00 attorney fee. The record clearly reflects LUBA's inexplicable delay in initiating payment under the judgment and its blatant disregard for accuracy, timeliness, and responsibility; hence, we find no error in these awards.

## CLAIMANT'S APPEAL

Nevertheless, we decline to grant Mr. Olivier's motion for acceleration of benefits. La.R.S.23:1333(A) provides in part, "If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the award shall immediately become due and exigible and the award shall become executory for the whole amount." The courts have interpreted this provision to require a willful refusal to pay benefits. *Wyble v. Tunica Biloxi Gaming Econ. Dev.*, 00-0534 (La.App. 3 Cir. 11/2/00), 776 So.2d 501, citing *Duncan v. State of Louisiana, Dep't of Transp. and Development*, 615 So.2d 305 (La.1993).

Finding insufficient proof of a willful refusal to pay benefits, the trial court held that this case was not "the sort of situation that the jurisprudence, taken as a whole, suggests an acceleration is the proper remedy or response." We agree. While the record clearly reflects inattention and neglect in the handling of Mr. Olivier's file, it does not reflect a willful refusal to pay benefits. In fact, LUBA has consistently paid benefits, albeit in the wrong amount. We, therefore, affirm the denial of Mr.

3

Olivier's motion to accelerate benefits.

As an appellant, Mr. Olivier has asked for attorney fees for work performed in defending LUBA's appeal. Because he has successfully defeated that appeal and has properly requested relief, we award attorney fees in the amount of $1500.00.

For the above and foregoing reasons, the judgment before us is amended so as to award attorney fees in the amount of $1500.00 to Peter Olivier. The judgment is otherwise affirmed in all respects. Costs of this appeal are assessed to the defendants.

**AFFIRMED AS AMENDED.**