LOLLEY, J.
 

 |1AP Supply Company and National Fire Insurance Company of Hartford (collectively, “AP Supply”) appeal the judgment of the Office of Workers’ Compensation, District IE, for the State of Louisiana (the “OWC”), in favor of its former employee, Kenneth Sisk. For the following reasons, we affirm.
 

 Facts
 

 Sisk claims that on June 30, 2006, he injured his back during the course and scope of his employment with AP Supply. Although no one witnessed the accident, Sisk testified at trial that upon becoming injured, he fell to the ground, and two coworkers helped him to his feet and to the office of supervisor, Don LeGrande. Upon missing a day of work, which Sisk attributed to his injury, AP Supply terminated him. Sisk was never paid any compensation nor did he receive any medical benefits for treatment of his injury.
 

 On June 28, 2007, Sisk filed his Disputed Claim for Compensation claiming that he had not received wage benefits nor had medical treatment authorized. He sought temporary total disability benefits, or alternatively supplemental earnings benefits (“SEBs”), with penalties and attorney fees. After a trial of the matter, the OWC awarded Sisk (1) SEBs in the amount of $1,406.56 per month from August 1, 2006, subject to specified credits; (2) medical expenses for the treatment of Sisk’s work-related injury; (3) $4,000.00 in total penalties; and, (4) $8,000.00 in attorney’s fees. AP Supply appeals that portion of the judgment awarding penalties and attorney’s fees.
 

 | gPlSCUSSION
 

 In its first assignment of error, AP Supply asserts that the OWC erred by assessing penalties against it and not finding that the evidence at trial reasonably controverted Sisk’s claim. We disagree.
 

 Failure to make timely payments subjects an employer to penalties and attorney’s fees unless the claim is reasonably controverted. La. R.S. 23:1201. For a claim to be reasonably controverted, an employer must have some valid reason or evidence upon which to base its denial of benefits.
 
 Brown v. Texas-LA Cartage, Inc.,
 
 1998-1063 (La.12/01/98), 721 So.2d 885. The employer must have engaged in a non-frivolous legal dispute or possessed
 
 *1203
 
 factual and/or medical information to reasonably counter the information presented by the claimant.
 
 Id.
 
 The determination that penalties and attorney fees are warranted is determined based on the facts known by the employer at the time of its refusal.
 
 Spence v. Industrial N.D.T.,
 
 31,-744 (La.App.2d Cir.03/31/99), 731 So.2d 473. The assessment of penalties and attorney fees is a finding of fact which should not be disturbed on appeal absent manifest error.
 
 Id.
 

 Here, the workers’ compensation judge (“WCJ”) considered the evidence adduced at trial, including witness testimony and Sisk’s medical records, and determined that AP Supply failed to reasonably controvert Sisk’s claim. Specifically, the WCJ stated that:
 

 [Sisk’s] contentions, the testimony of his co-workers and the medical evidence clearly supported his claim. There is absolutely no evidence that claimant’s injury occurred in any other manner. He was able to perform his job duties satisfactorily until the day of the accident. There is no | .¡evidence that he was injured in any other manner than the manner described by him.
 

 Notably, the WCJ pointed out that whereas she found Sisk to be extremely credible and “very convincing,” she found Le-Grand’s testimony to be “hostile, intentionally evasive, based upon selective memory and completely lacking in credibility.” Even on the cold record, it is apparent that LeGrand was less than forthcoming in his testimony. LeGrand testified that initially he had no knowledge that Sisk was injured, despite Sisk’s testimony that he was immediately brought to LeGrand’s office following his injury. The WCJ, hearing and watching both witnesses, believed Sisk’s version of the event-a determination clearly within her province as factfinder. AP Supply put forth no valid reasons to deny Sisk benefits. So considering, we cannot say that the WCJ’s ultimate finding of fact was manifestly erroneous, and we determine this assignment of error to be without merit.
 

 In its second assignment of error, AP Supply argues that the WCJ erred by considering the culpability of the employer as a factor in setting the attorney’s fee of $8,000.00. The factors to be considered in the imposition of the attorney fee in workers’ compensation cases include the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case.
 
 Atwood v. Ewing Timber, Inc.,
 
 36,-732 (La.App.2d Cir.01/29/03), 836 So.2d 1199,
 
 writ denied,
 
 2003-0888 (La.05/16/03), 843 So.2d 1134. There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney fees since the record will reflect much of the services rendered.
 
 Id.
 
 |4The degree of bad faith exhibited by the employer is not an appropriate factor in determining the amount of attorney fees to be awarded under La. R.S. 23:1201(G).
 
 Langley v. Petro Star Corp. of La.,
 
 2001-0198 (La.06/29/01), 792 So.2d 721;
 
 Atwood, supra.
 

 It is true that the WCJ noted its displeasure with LeGrand as a witness in this case; however, in our review of the WCJ’s statements, we conclude that they tend to show the thought process used by the WCJ in interpreting the evidence to reach a conclusion as to whether AP Supply reasonably controverted Sisk’s claim. It is not apparent to us that such determinations by the trial court were used against AP Supply in setting the award as a purely punitive measure. Moreover, as to the $8,000.00 amount of the fees awarded, we consider the number of witnesses involved
 
 *1204
 
 at trial, the number of depositions, the medical records involved, the pleadings filed, the travel by Sisk’s attorney, and the work performed in opposing this appeal. With that in mind, we do not believe that the $8,000.00 in attorney’s fees was an abuse of discretion, and we allow the award to stand.
 

 Conclusion
 

 For the foregoing reasons, the judgment in favor of Kenneth Sisk is affirmed. All costs of this appeal are assessed to AP Supply Company, Inc. and National Fire Insurance Company of Hartford.
 

 AFFIRMED.